UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
NEW SENSATIONS, INC.,

                Plaintiff,                Civil Action No. 12-CV-03535-NRB

   -against-

DOES 1 - 45,

                Defendants.
-------------------------------------------------------------x

## MEMORANDUM OF LAW:

## MOTION TO QUASH SUBPOENA PURSUANT TO FED. R. CIV. P. 45(c)(3)

Billy H. Kim, Esq (BK7718)
On the Brief
Dated: October 16, 2012

                                            Wong, Wong & Associates, P.C.
                                            150 Broadway, Suite 1588
                                            New York, NY 10038
                                            (212) 566-8080
                                            *Attorneys for Defendant Doe # 39*

# TABLE OF AUTHORITIES

Cases

*Boy Racer, Inc. v. Doe 1,* 2011 U.S. Dist. LEXIS 103550 (N.D. Cal. Sept 13, 2011)……….………..….4

*Pacific Century Int'l Ltd. v. Does 1-101*, No. C-11-02533, 2011 U.S. Dist. LEXIS 124518, 6* (N.D. Cal. Oct. 27, 2011)……………………………………………………………………………………..….4

*AF Holdings, LLC v. Does 1-97*, No. C 11-3067, 2011 U.S. Dist. LEXIS 126225, *5 (N.D. Cal. Nov. 1, 2011)……………………………………………………………………………………………..……4

*BMG Music v. Does 1-203,* No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004)……...5, 6

*Mosley v. Gen. Motors*, 497 F.2d 1330, 1332-33 (8th Cir. 1974)…………………………………….....5

*LaFace Records, LLC v. Does 1-38,* 2008 WL 544992 at *2 (E.D.N.C. Feb. 27, 2008)…………..……5

*Hard Drive Productions, Inc. v. Does 1-188*, No. C-11-01566, 2011 U.S. Dis. LEXIS 94319, at *39-40 (N.D. Cal. August 23, 2011)………………………………………………………………………….6

*Diabolic Video Productions, Inc. v. Does 1*-2099, No. 10-CV-5865, 2011 U.S. Dist. LEXIS 58351, at *10-11 (N.D. Cal. May 31, 2011)……………………………………………………………………..6


Rule

Fed.R.Civ.P.20……………………………………………………………………….............………..5

**PRELIMINARY STATEMENT**

The subpoena against Doe #39, identified by IP Address 96.246.57.75 ("Doe" or "Defendant") ("the Subpoena") should be quashed. Plaintiff New Sensations, Inc. ("Plaintiff" or "New Sensations") brought a copyright infringement claim against forty-five anonymous "Doe Defendants" on May 3, 2012 (See the "Complaint," Exhibit A to the Declaration of Billy H. Kim). In its Complaint Plaintiff alleged that the Doe Defendants copied elements of the original film "Dirty Little Schoolgirl Stories 3", ("the Work") by using torrent software. Plaintiff then sought to obtain expedited discovery and sought to serve subpoenas, before a Rule 26(f) meeting was held, on various internet service providers to release the information of the Doe Defendants related to the IP addresses that had allegedly downloaded the Work. The Court granted Plaintiff's motion on September 5, 2012, and provided the Doe Defendants thirty (30) days from receipt of the subpoena from the internet service provider to either move to quash or otherwise object to the subpoena. (See Exhibit B to the Declaration of Billy Kim). Defendant John Doe #39 received notice of the Subpoena from its internet service provider on or about October 1, 2011, and is now filing a timely motion to quash the aforementioned Subpoena.

The Court should not allow such improper discovery, and should quash this Subpoena for Plaintiff's failure to properly join the Doe Defendants in this action.

**ARGUMENT**

**1. The Subpoena should be Quashed Because it is Overly Broad and Burdensome.**

Plaintiff's subpoenas seeks to improperly obtain private information relating to various IP addresses in an effort to expose the individuals responsible for the alleged infringement. However, Plaintiff fails to establish that an IP address is uniquely connected to a specific individual, like that of a social security number, and that these subpoenas will reveal the guilty

parties. Instead, these subpoenas will only lead to more questionable information that will require plaintiff to conduct even more invasive discovery in order to discover the identity of any guilty parties.

An IP address can be used to identify a subscriber to a particular ISP. However, it cannot identify the specific individual that engaged in any alleged infringing activity. In *Boy Racer, Inc. v. Doe 1*, a case similar to the underlying action, the court denied the plaintiff's ex-parte motion permitting expedited discovery and to serve subpoenas on ISPs to obtain subscriber information. 2011 U.S. Dist. LEXIS 103550 (N.D. Cal. Sept 13, 2011) The court in *Boy Racer* initially approved the ex parte order based on the plaintiff's representation that the discovery sought would "fully identify" each Peer to Peer network user suspected of violating the plaintiff's copyright. However, after plaintiff admitted that the IP address would not identify the individual who illegally downloaded the copyrighted work, the court rejected plaintiff's discovery requests. *Id.* at 6-7. Similarly, granting Plaintiff's relief would impermissibly allow Plaintiff to subpoena ISPs to obtain the detailed personal information of unknown and potentially innocent individuals that Plaintiff could never make party to the underlying action and subject them to onerous, invasive discovery. *Pacific Century Int'l Ltd. v. Does 1-101*, No. C-11-02533, 2011 U.S. Dist. LEXIS 124518, 6* (N.D. Cal. Oct. 27, 2011). As such, it is improper for Plaintiff to seek the relief requested in the subpoenas issued to the ISPs.

**2. Plaintiff has Improperly Joined John Doe Defendants Based on Entirely Disparate Alleged Acts.**

Where misjoinder occurs, such as in the underlying action, the court may, on just terms, add or drop a party so long as "no substantial right will be prejudiced by severance." *AF Holdings, LLC v. Does 1-97*, No. C 11-3067, 2011 U.S. Dist. LEXIS 126225, *5 (N.D. Cal. Nov.

1, 2011). Plaintiff's joinder of forty five defendants in this single action is improper and runs the risk of creating unfairness and denying individual justice to the defendants. Mass joinder of individuals, such as in this case, have been looked down upon by federal courts. One court has noted:

> "John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusable pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed…Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) Defendants."
>
> *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004).

Federal Rule of Civil Procedure 20(a) provides that joinder of defendants is appropriate where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2). This rule is designed to promote judicial economy and trial convenience. See *Mosley v. Gen. Motors*, 497 F.2d 1330, 1332-33 (8th Cir. 1974). However, joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, the court severed a lawsuit against thirty eight defendants where each defendant used the same ISP in addition to similar Peer to Peer networks to commit the same violation of the law in the same manner. The court found that "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." 2008 WL 544992 at *2 (E.D.N.C. Feb. 27, 2008). In a recent decision from the United States District Court for the Northern District of California, the court held that:

> "Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue – or even participated in or contributed to the downloading by any of the Does 1-188. Any "pieces" of the work copies or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm. The bare fact that a Doe click on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world…Indeed, Plaintiff conceded that while the Doe Defendants may have participated in the same swarm, they may not have been physically present in the swarm on the exact same day and time."

*Hard Drive Productions, Inc. v. Does 1-188*, No. C-11-01566, 2011 U.S. Dis. LEXIS 94319, at *39-40 (N.D. Cal. August 23, 2011).

The mere allegation that defendants have used the same Peer to Peer network to copy and reproduce the work, which occurred on different days and times over a span of two months, is insufficient to meet the standard of joinder set forth in Rule 20. See *Diabolic Video Productions, Inc. v. Does 1*-2099, No. 10-CV-5865, 2011 U.S. Dist. LEXIS 58351, at *10-11 (N.D. Cal. May 31, 2011). While Plaintiff has argued that the unnamed defendants have conspired together to infringe a single work, the legal analysis does not change. Whether the alleged infringement concerns a single work or many, the act was committed by unrelated defendants, at different times and locations, using different services, and subject to different defenses. This attenuated relationship is not sufficient for joinder. See *BMG Music v. Does 1-203*, 2004 WL 953888, at *1. (E.D. Pa. Apr. 2, 2004) (severing the lawsuit involving 203 defendants).

In its complaint Plaintiff alleges that the Doe Defendants are properly joined because they illegally downloaded and shared in concert the film, "Dirty Little Schoolgirls 3" through torrent software. In support, Plaintiff has provided as Exhibit A to its Complaint the IP addresses of the defendants and a specific "hit" date it was observed illegally downloading and sharing the Work. These dates range from February 1, 2012, to March 25, 2012. It is evident that Plaintiff incorrectly states that the infringement occurred within a limited period of time. However, the

alleged infringement detailed in Plaintiff's complaint occurred over a span of almost two months. Exhibit A to the Plaintiff's Complaint shows the entire timeframe of the activity but not which IP addresses acted in cooperation with each other; the nature of the torrent software does not support Plaintiff's claim that all the John Doe IP addresses acted together for the entire period from February 1 to March 25, 2012. Furthermore, the defendants have no knowledge of each other, do not control how the torrent procedure works, and Plaintiff has failed to make any allegation that any copy of the Work downloaded came jointly from any of the John Doe defendants. Joining unrelated defendants in one lawsuit may decrease costs for Plaintiff by enabling it to avoid paying separate filing fees, but it does not satisfy the established joinder principles established by the Federal Rules of civil Procedure.

## CONCLUSION

Plaintiff has improperly joined the Doe Defendants in one lawsuit which raises serious questions of individual fairness and individual justice. As such, it is respectfully submitted that the subpoena which seeks to seriously invade the privacy of Doe # 39 without plaintiff having first laid a proper foundation, be denied in all respects.

WONG, WONG & ASSOCIATES, P.C.

By: /s/ Billy Kim
Billy Kim, Esq. (BK7718)
150 Broadway, Suite 1588
New York, NY 10017
(212)566-8080

Dated:   October 16, 2012
         New York, New York